THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
***A PROFESSIONAL LAW CORPORATION***
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:     (415) 674-8600
Facsimile:     (415) 674-9900
Email:         tfrankovich@disabilitieslaw.com

Attorney for Plaintiffs
DAREN HEATHERLY and
IRMA RAMIREZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN HEATHERLY; and IRMA RAMIREZ, <br><br> Plaintiffs, <br><br> v. <br><br> O'DONNELL'S FAIRFAX NURSERY; LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY, <br><br> Defendants. | **CASE NO.** <br> **Civil Rights** <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** <br><br> **1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) <br><br> **2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 <br><br> **3rd CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) <br><br> **DEMAND FOR JURY** |

Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ complain of defendant LINDSAY PAUL O'DONNELL; and defendant O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY and allege as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the disability community are members, for failure to remove architectural barriers structural in nature at defendants' O'DONNELL'S FAIRFAX NURSERY, a place of public  accommodation, thereby discriminatorily denying each plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Each plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a person with physical disabilities who, on or about October 18, 2012, January 3, 2013 and April 18, 2014 and (deterred thereafter), was an invitee, guest, patron, customer at defendants' O'DONNELL'S NURSERY, in the City of Fairfax, California.  At said time(s) and place, defendants failed to provide proper legal access to the O'DONNELL'S NURSERY, which is a "public accommodation" and/or a "public facility" including, but not limited to signage, parking, accessible routes and entrances.  The denial of access was in violation of both federal and California legal requirements, and plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered violation of his/her civil rights to full and equal access, and was embarrassed and humiliated.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 1700 Sir Francis Drake, in the City of Fairfax, County of Marin, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each  is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").   Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a "person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and a left hip replacement.  Plaintiff  DAREN HEATHERLY relies on a wheelchair to travel about in public. Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome.  Plaintiff IRMA RAMIREZ relies on a wheelchair to travel about in public.

///

///

Consequently, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6. **DEFINITIONS:**

a. **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and The Americans with Disabilities Act Accessibility Guidelines 2010 revision. (Used where applicable).

b. **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered. They can include but are not limited to the following examples: parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm.
(The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

c.   **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

d.   **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example:  such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e.   **PHYSICAL FEATURES** - Are synonymous with "Elements."

f.   **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g.   **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

h.   **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

i.   **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

j.  **PATH OF TRAVEL -** Space that complies with ADAAG guidelines and is synonymous with accessible route.

k.  **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of CFR 36.304.

7.  Defendant LINDSAY PAUL O'DONNELL is the owner of the real property (land and building) located at or near 1700 Sir Francis Drake, Fairfax, California.

8.  Defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as O'DONNELL'S NURSERY, located at/near 1700 Sir Francis Drake, Fairfax, California, or of the building and/or buildings which constitute said public accommodation.

9.  At all times relevant to this complaint, defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY, own and operate in joint venture the subject O'DONNELL NURSERY as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10.     At all times relevant to this complaint, defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY are jointly and severally responsible to identify and remove architectural barriers at the subject O'DONNELL'S NURSERY pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201          General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.     The O'DONNELL'S NURSERY, is a sales establishment, located at/near 1700 Sir Francis Drake, Fairfax, California 94390.  The O'DONNELL'S NURSERY, its signage, parking, accessible routes and entrances, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the nursery and each of its facilities, its signage, parking, accessible routes and entrances to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

12.     On or about the year of 1997 or earlier, defendants' and each of them purchased and/or took possessory control of the premises now known as O'DONNELL'S NURSERY.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that nursery was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated O'DONNELL'S NURSERY as though it was accessible.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

14.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the O'DONNELL'S NURSERY as being handicapped accessible and handicapped usable.

15.     On or about October 18, 2012, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was an invitee and guest at the subject O'DONNELL'S NURSERY, for purposes of shopping.  Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are husband and wife.  After sending notice letter(s) on October 31, 2012, to the landlord and/or tenant about access problems, plaintiffs returned to the subject O'DONNELL'S NURSERY, for the purposes of participating in the goods and services provided and to see whether this public accommodation had been made more accessible.  Almost a quarter of a century has now passed since the Americans with Disabilities Act of 1990 ("ADA") took effect.

16.     On or about October 18, 2012, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers in the parking lot and as a legal result had the following adverse experiences: there was no signage nor van accessible parking.  As a result, plaintiffs had to take up two (2) parking spaces and park diagonally to exit their vehicle. Each plaintiff worried that another car might run over the ramp to their van and/or someone might vandalize the vehicle for taking up too much space.  There also was no safe path of travel to the entrance which put each plaintiff at risk of being hit by vehicular path of travel. This was worrisome for each plaintiff and caused each of them to have anxiety.

///

///

///

///

///

17.     On or about October 18, 2012, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers at the entrance of O'DONNELL'S NURSERY and as a legal result had the following adverse experiences: there was a raised concrete landing and one step that prevented plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ from entering the store and shopping therein.  Their purchase had to be made outside which was inconvenient for plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ.

18.     On or about October 18, 2012, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers at routes within the O'DONNELL'S NURSERY and as a legal result had the following adverse experiences: the paths of travels between plant areas was not even and the surface was not compact.  At points there were large flat stepping stones that were placed several inches apart with the grass in between them making up a very uneven route.  Other routes were made up of grass and uneven surfaces which also made it difficult for plaintiffs to navigate their wheelchairs in the subject nursery.

19.     On or about October 31, 2012, plaintiff IRMA RAMIREZ wrote two letters.  She wrote one letter to the landlord and one to the tenant.  Plaintiff IRMA RAMIREZ wrote the following:

> Recently, my husband and  I visited O'Donnel's Fairfax Nursery.  When we arrived we had a very difficult time parking because there was no accessible parking and a step to enter the nursery.  Also, it was very difficult to maneuver in wheelchairs because of the rough rocky surface. I thought the landlord and the tenant should know about this.  That's why I wrote this identical letter to both of you.  It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.  Maybe install a new parking space?   Thanks!

Plaintiff IRMA RAMIREZ never received a response and neither letter was returned to her from the United States Postal Office.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20.     On or about January 3, 2013 and April 18, 2014, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers at O'DONNELL'S NURSERY and as a legal result had the following adverse experiences: all the barriers as of October 18, 2012 remained. Each plaintiff had the same adverse experiences as on October 18, 2012, beginning with no van accessible signage and parking/worrying about re-entering their vehicle and vandalism to their vehicle for taking up two (2) spaces and being put at risk in the vehicular path of travel; the six (6) inch raised entry landing/preventing entry into the store; and uneven routes between plants, shrubs, and trees/making it difficult and uncomfortable for each plaintiff to navigate the wheelchair on and through the subject nursery.

21.     On or about April 18, 2014 and after plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ returned to O'DONNELL'S NURSERY for the purpose of purchasing goods, and to see if after sending a letter(s) to the landlord and tenant, whether they did anything to undertake the easiest work to make O'DONNELL'S NURSERY more accessible to the disabled.

22.     On or about April 19, 2014, and thereafter, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ would have returned to O'DONNELL'S NURSERY but were deterred from returning for the fear that once they returned, they would encounter all of the same architectural barriers as on the first visit and that not even the easiest barrier(s) would have been removed such as the following: providing van accessible parking and ramp the entrance to the store, to make it easier to enjoy the goods, services and opportunities afforded by this public accommodation.

///
///
///
///
///
///
///

23.     Therefore, at said times and place, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ, encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.     lack of the requisite type and number of disabled parking stall(s);

        b.     lack of disabled van accessible parking stall(s);

        c.     lack of (proper) disabled parking signage;

        d.     lack of tow-a-way signage;

        e.     lack of an accessible entrance due to a six (6) inch high concrete landing;

        f.     lack of an accessible routes in between rows of plants and areas of plants;

        g.     lack of an accessible paths of travel from the parking lot to the entrance;

        h.     lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons; and

        i.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated.

Therefore, as a legal result of encountering each of said elements, plaintiff(s) experienced one, all, or a combination of the following adverse experiences: stress, strain, difficulty, and discomfort to his/her upper extremities in attempting to and/or using said elements also causing anxiety, disappointment, and embarrassment.

24.     At all times as stated herein, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his/her disability.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25. At all times stated herein, it was "readily achievable" for defendants to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that defendants initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so.  In that regard, defendants could have but did not avail themselves of the tax deduction and tax credits provided by  Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

26. At all times and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ from full and equal opportunities afforded to non disabled persons to the goods and services of the O'DONNELL'S NURSERY.

27. Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ were and are deterred from returning to the O'DONNELL'S NURSERY so long as architectural barrier(s) complained of that he/she encountered, as stated herein are not ADAAG compliant.

28. At said times and place, when plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the architectural barriers as stated herein, plaintiff DAREN HEATHERLY  and plaintiff IRMA RAMIREZ in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment. This arose from plaintiffs' physical inability to effectively use his/her upper extremities to easily overcome the architectural barriers as stated herein.  This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29.     Said architectural barrier(s) as stated herein deprived and deterred plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject O'DONNELL'S NURSERY.

30.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

31.     On or about October 31, 2012, defendant(s) were sent two (2) letters by or on behalf of plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of his/her letter, promising to immediately remove the barriers and providing a date when that would be accomplished.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

32.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevents plaintiff DAREN HEATHERLY from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore, as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury in the general form of stress, strain, pain, and fatigue either individually or in combination of one or more.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

33.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevents plaintiff IRMA RAMIREZ from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore, as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury in the general form of stress, strain, pain, and fatigue either individually or in combination of one or more.

34.     As a legal result of defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to each plaintiff  and other persons with disabilities, each plaintiff suffered the damages as alleged herein.

35.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

36.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

///

///

///

///

37.    Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

38.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ harm as stated herein.

39.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was denied his/her rights to equal access to a public facility by defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY, because defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY maintained a sales establishment without access for persons with physical disabilities to its facilities, including but not limited to signage, parking, accessible routes and entrances, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to each plaintiff and other persons with physical disabilities in these and other ways.

///

///

1      40.   Construction alterations, if any, carried out by defendants have also triggered

2  access requirements under both California law and the Americans with Disabilities Act of

3  1990.

4      41.   Defendants may have intentionally undertaken to modify and alter existing

5  building(s), and may have failed to make them comply with accessibility requirements under

6  the requirements of ADAAG and California Building Code.

7      42.   Defendants have been negligent in their affirmative duty to identify the

8  architectural barriers complained of herein and negligent in the removal of some or all of said

9  barriers.

10      43.   Because of defendants' violations, plaintiffs and other persons with physical

11  disabilities are unable to use public facilities such as those owned and operated by defendants

12  on a "full and equal" basis unless such facility is in compliance with the provisions of the

13  Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health &

14  Safety Code §19955, *et seq.* and other accessibility law as pled herein.  Plaintiffs seek an

15  order from this court compelling defendants to make the O'DONNELL'S NURSERY

16  accessible to persons with disabilities.

17      44.   Each plaintiff, as described hereinbelow, seeks injunctive relief to require the

18  O'DONNELL'S NURSERY to be made accessible to meet the requirements of both

19  California law and the Americans with Disabilities Act of 1990, whichever is more

20  restrictive, so long as defendants operate the nursery as a public facility.

21      45.   Plaintiffs believe that even with service of the summons and complaint on

22   defendant(s) and each of them, that defendant(s) will not, under their "continuing obligation"

23  immediately undertake remedial action to identify and remove architectural barriers.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

46.     Each plaintiff seeks damages for violation of his/her civil rights for each of their respective visits on October 18, 2012, January 3, 2013 and April 18, 2014 and **deterrence occasions** and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ from returning to the subject public accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of each plaintiff's visit and injuries, indicate actual and implied malice toward each plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of each plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other nurseries and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

///
///
///
///
///
///
///
///
///

47.     Each plaintiff is informed and believes and therefore alleges that defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY, and each of them, caused the subject building(s) which constitute the O'DONNELL'S NURSERY to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the O'DONNELL'S NURSERY and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said nursery and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the O'DONNELL'S NURSERY and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and other members of the disability community.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

48.     Defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the O'DONNELL'S NURSERY and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as each plaintiff, includes, but is not limited to, coming into contact with public accommodations with accessible elements and facilities since January 26, 1991, communications with invitees and guests, plaintiff IRMA RAMIREZ herself, possibly sponsors of conferences, nurseries, owners of other restaurants, hotels, motels - ***exemplar*** and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

///

1 Defendants' failure, under state and federal law, to make the O'DONNELL'S NURSERY

2 accessible is further evidence of defendants' conscious disregard for the rights of plaintiffs

3 and other similarly situated persons with disabilities.  Despite being informed of such effect

4 on each plaintiff and other persons with physical disabilities due to the lack of accessible

5 facilities, defendants, and each of them, knowingly and willfully refused to take any steps to

6 rectify the situation and to provide full and equal access for each plaintiff and other persons

7 with physical disabilities to the O'DONNELL'S NURSERY.  Said defendants, and each of

8 them, have continued such practices, in conscious disregard for the rights of each plaintiff

9 and other persons with physical disabilities, up to the date of filing of this complaint, and

10 continuing thereon.  Defendants had further actual knowledge of the architectural barriers

11 referred to herein by virtue of the demand letter addressed to the defendants and served

12 concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it

13 was and is having on plaintiffs and other persons with physical disabilities, constitutes

14 despicable conduct in conscious disregard of the rights and safety of each plaintiff and of

15 other similarly situated persons, justifying the imposition of treble damages per Civil Code

16 §§52 and 54.3.

17        49.    Plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the

18 disability community, consisting of persons with disabilities, would, could and will return to

19 the subject public accommodation when it is made accessible to persons with disabilities.

20 **I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
        ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
21      DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
        (On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and
22      Against Defendants LINDSAY PAUL O'DONNELL; and O'DONNELL
        ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX
23      NURSERY, inclusive)
24      (42 U.S.C. §12101, *et seq.*)

25        50.    Plaintiffs replead and incorporate by reference, as if fully set forth again

26 herein, the allegations contained in paragraphs 1 through 49 of this complaint.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

51. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

52. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

53. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7)  PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment.

42 U.S.C. §12181(7)(E)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

54.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

55.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

The acts of defendants set forth herein were a violation of each plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

56.     The removal of the barriers complained of by plaintiffs as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the O'DONNELL'S NURSERY pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

57.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Each plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiffs complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

58.     On information and belief, construction work on, and modifications of, the subject building(s) of the O'DONNELL'S NURSERY occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

///

///

1    59.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

2   *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil

3   Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as each plaintiff is being subjected to

4   discrimination on the basis of disability in violation of this title or have reasonable grounds

5   for believing that plaintiff is about to be subjected to discrimination in violation of §302.

6   Each plaintiff is deterred from returning to or making use of the public facilities complained

7   of herein so long as the premises and defendants' policies bar full and equal use by persons

8   with physical disabilities.

9    60.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person

10   with a disability to engage in a futile gesture if such person has actual notice that a person or

11   organization covered by this title does not intend to comply with its provisions."  Pursuant to

12   this section, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each has not

13   returned to defendants' premises since on or about April 18, 2014, but on information and

14   belief, alleges that defendants have continued to violate the law and deny the rights of each

15   plaintiff and of other persons with physical disabilities to access this public accommodation.

16   Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive

17   relief shall include an order to alter facilities to make such facilities readily accessible to and

18   usable by individuals with disabilities to the extent required by this title."

19    61.    Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the

20   Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations

21   adopted to implement the Americans with Disabilities Act of 1990, including but not limited

22   to an order granting injunctive relief and attorneys' fees.  Each plaintiff will seek attorneys'

23   fees conditioned upon being deemed to be the prevailing party.

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against Defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

62.  Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 61 of this complaint.

63.  At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

64.  California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

65.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

66.     Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Each plaintiff has been and continue to be denied full and equal access to defendants' O'DONNELL'S NURSERY. As a legal result, each plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he/she visited or have been deterred from visiting the subject nursery because of his/her knowledge and belief that the subject nursery is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

///

///

///

///

1   67.   On or about October 18, 2012, January 3, 2013 and April 18, 2014 and

2 **deterrence occasion(s)**, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ on

3 each of their respective visits as stated herein suffered violations of Civil Code §§54 and 54.1

4 in that plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was denied

5 access to signage, parking, accessible routes and entrances and other public facilities as stated

6 herein at the O'DONNELL'S NURSERY and on the basis that plaintiff DAREN

7 HEATHERLY and plaintiff IRMA RAMIREZ each was a person with physical disabilities.

8   68.   As a result of the denial of equal access to defendants' facilities due to the acts

9 and omissions of defendants, and each of them, in owning, operating and maintaining these

10 subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's

11 civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and

12 54.3, *et seq*.

13   69.   As a result of the denial of equal access to defendants' facilities due to the acts

14 and omissions of defendants, and each of them, in owning, operating and maintaining these

15 subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil

16 rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3,

17 *et seq*.

18   70.   Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each

19 suffered emotional distress, mental distress, mental suffering, mental anguish, which

20 includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration,

21 disappointment and worry, expectedly and naturally associated with a person with physical

22 disabilities encountering architectural barrier(s) as stated herein and being denied access, all

23 to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court.

24 No claim is being made for mental and emotional distress over and above that is usually

25 associated with the encountering of architectural barriers and legally resulting in adverse

26 experiences.  No expert testimony regarding this usual mental and emotional distress will be

27 presented at trial in support of the claim for damages.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

71.     Each plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of each plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about October 18, 2012, January 3, 2013 and April 18, 2014 and **deterrence occasion(s)**, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

72.     As a result of defendants', and each of their, acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, each plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff DAREN HEATHERLY Plaintiff IRMA RAMIREZ,  and Against Defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY, inclusive)
(Civil Code §51, 51.5)

73.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 72 of this complaint.

///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

74.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///

///

///

///

75.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

76.     Defendants' acts and omissions as specified have denied each plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Each plaintiff accordingly incorporates the entirety of his/her above cause of action for violation of the Americans with Disabilities Act at ¶50, *et seq*., as if repled herein.

77.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

78.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

79.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

80.     Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///
///
///
///

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against Defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.   For injunctive relief, compelling defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY, inclusive, to make the O'DONNELL'S NURSERY, located at 1700 Sir Francis Drake, Fairfax, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.   For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.   For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against  Defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.   For injunctive relief, compelling defendants LINDSAY PAUL O'DONNELL; and O'DONNELL ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX NURSERY, inclusive, to make the O'DONNELL'S NURSERY, located at 1700 Sir Francis Drake, Fairfax, California, readily accessible to and usable by individuals with disabilities, per state law.

*///*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and

2 for each occasion on which plaintiffs were deterred from returning to the subject public

3 accommodation.

4      3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure

5 §1021.5, if plaintiffs are deemed the prevailing party;

6      4.      Treble damages pursuant to Civil Code §54.3;

7      5.      General damages according to proof;

8      6.      For all costs of suit;

9      7.      Prejudgment interest pursuant to Civil Code §3291; and

10      8.      Such other and further relief as the court may deem just and proper.

11

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO
12      FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
      PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA
13      CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and
14 Against Defendants LINDSAY PAUL O'DONNELL; and O'DONNELL
ENTERPRISES, INC., a California Corporation dba O'DONNELL'S FAIRFAX
15 NURSERY, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)
16

17      1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident

18 and for each occasion on which plaintiffs were deterred from returning to the subject public

19 accommodation;

20      2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

21 prevailing party;

22      3.      General damages according to proof;

23      4.      Treble damages pursuant to Civil Code §52(a);

24      5.      For all costs of suit;

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.      Prejudgment interest pursuant to Civil Code §3291; and

7.      Such other and further relief as the court may deem just and proper.

Dated: May 29, 2014                     THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*


                                        By: __/s/Thomas E. Frankovich_____
                                        ____ Thomas E. Frankovich
                                        Attorney for Plaintiff DAREN HEATHERLY; and
                                        Plaintiff IRMA RAMIREZ


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.


Dated: May 29, 2014                     THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*


                                        By: ____/s/Thomas E. Frankovich_____
                                        Thomas E. Frankovich
                                        Attorney for Plaintiff DAREN HEATHERLY; and
                                        Plaintiff IRMA RAMIREZ

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES